D. EDWARD HAYS, #162507
ehays@marshackhays.com
ASHLEY M. TEESDALE, #289919
ateesdale@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: 7

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ILANGOVAN KUPPUSAMY and<br>RANJANI ILANGOVAN KRISHNAN,<br><br>Debtors. | Case No. 8:14-bk-17399-CB<br><br>Chapter 7<br><br>Adv. No.<br><br>COMPLAINT FOR:<br>(1) AVOIDANCE AND RECOVERY OF INTENTIONAL FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§ 3439.04, 3439.07];<br>(2) AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07]; AND<br>(3) TURNOVER OF PROPERTY [11 U.S.C. § 542] |
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>HARIKRISHNAN KUPPUSAMY KRISHNAN,<br><br>Defendant. | |
| | <u>Status Conference</u><br>[TO BE SET BY COURT] |

TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

   Plaintiff RICHARD A. MARSHACK, in his capacity as Chapter 7 Trustee ("Plaintiff" or

"Trustee") for the bankruptcy estate of Debtors Ilangovan Kuppusamy and Ranjani Ilangovan

Krishnan ("Debtors"), respectfully alleges as follows:

1

COMPLAINT FOR AVOIDANCE AND RECOVERY

264630v1/1015-082

## Statement of Jurisdiction and Venue

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, titled *In re Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan*, Bankruptcy Case Number 8:14-bk-17399-CB.

2. Plaintiff, as the Chapter 7 Trustee of the Debtors' bankruptcy estate, is the representative of the estate pursuant to 11 U.S.C. §323(a), and has standing to bring this action.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O) and this Court has authority to enter a final judgment on these claims. To the extent any claim for relief is determined to be a non-core proceeding or a *Stern* claim, Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

4. Pursuant to 28 U.S.C. §§ 1408 and 1409, venue is proper because this adversary proceeding arises in or is related to a case under Title 11 of the United States Code that is pending in this Court.

## Parties

5. Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee of the above-entitled bankruptcy estate.

6. Plaintiff alleges that at all relevant times Debtors, Ilangovan Kuppusamy ("Mr. Kuppusamy"), and Ranjani Ilangovan Krishnan ("Mrs. Krishnan") (collectively, "Debtors"), were and are individuals residing in the County of Orange, State of California.

7. Plaintiff alleges that at all relevant times, Defendant Harikrishnan Kuppusamy Krishnan ("Defendant"), is an individual residing in the County of Orange, State of California.

8. Plaintiff alleges that Defendant is Debtors' son and is an "insider" as that terms is defined in 11 U.S.C. § 101(31).

/ / /

/ / /

/ / /

## Allegations

9. On or about March 27, 2009, Debtors purchased a single family residence commonly known as 5371 Strasbourg Avenue, Irvine, California 92604 (the "Property"). The legal description of the Property is as follows:

> "LOT 107 OF TRACT 6858, IN THE CITY OF IRVINE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 257, PAGE(S) 35 TO 37 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY"

A.P.N. 451-011-08.

10. On May 27, 2013, Debtors executed a Deed of Trust pledging the Property as collateral to secure repayment of a promissory note payable to Bank of America in the approximate amount of $386,700.

11. On November 19, 2014, a Quitclaim Deed executed by the Debtors was recorded in Orange County, California as Instrument No. 2014000498409 which deed reflects the Debtors' transfer ("Transfer") of their ownership of the Property to Defendant, who is their son. A true and correct copy of the Quit Claim Deed is attached as Exhibit "1."

12. Defendant provided no value in exchange for the Transfer.

13. On December 26, 2014 ("Petition Date"), Debtors filed a joint voluntary petition under Chapter 7 of Title 11 of the United States Code, commencing bankruptcy case *In re Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan* Bankruptcy Case Number 8:14-bk-17399-CB (the "Kuppusamy Bankruptcy").

14. The Debtors signed their Chapter 7 Petition, Bankruptcy Schedules and Amended Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, representing that all information included on these documents was true and correct.

15. The Chapter 7 Voluntary Petition ("Petition") filed on the Petition Date and entered as Dk. No. 1 in the Kuppusamy Bankruptcy includes a Summary of Schedules, Schedule A, and a Statement of Financial Affairs ("SOFA").

16. On Debtors' Summary of Schedules, Debtors list $62,300 in assets, $61,238.55 in secured debt, and $19,591,882.96 in unsecured non-priority claims.

17. In their Schedule A, Debtors represent that they do not have any ownership interest in real property.

18. In their response to Question 10 on the SOFA entitled "Other Transfers," the Debtors disclose that they transferred their interest in the Property to Defendant on November 18, 2014. The Debtors further state in their response to Question 10 that "Debtor [sic] has transferred property to his son Harikrishnan Kuppusamy Krishnan to alleviate himself from the monthly payments. Harikrishnan Kuppusamy Krishnan has assumed the debtor's [sic] mortgage obligations."

19. As of the date of this complaint, Debtors have not filed either an amended Schedule A or an amended SOFA. Other than the description of the transfer to Defendant, there is no mention of the Property in Debtors' petition, forms, or schedules.

20. On January 4, 2015, at Dk. No. 12, Debtors filed an Amended Schedule F, which lists a total of $19,678,882.96 in unsecured non-priority claims. Debtors did not mark any of the listed claims as disputed.

21. The first 341(a) meeting of the creditors is scheduled for February 3, 2015, as set forth in Dk. No. 10.

22. Trustee alleges that the fair market value of the property was approximately $800,000 to $850,000 at the time of the Transfer.

23. Trustee alleges that the deed of trust recorded in favor of Bank of America in the original principal amount of $386,700 was the only lien or encumbrance recorded against the Property at the time of the Transfer.

**First Claim for Relief**

**Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfer**

**[11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551; Cal. Civ. Code §§ 3439.04, 3439.07]**

24. Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 23, inclusive, and those allegations are re-stated in connection with this Claim for Relief as though set forth in full.

25. Approximately five weeks prior to the Petition Date, the Debtors transferred their interest in the Property to Defendant, their son.

26. The Transfer was made with actual intent to hinder, delay, or defraud creditors.

27. The Debtors had approximately $400,000 to $450,000 of equity in the Property at the time of the Transfer.

28. Debtors received no value in exchange for the Transfer.

29. Defendant did not receive the Transfer in good faith and for a reasonably equivalent value.

30. The sum of Debtor's debts as listed on their schedules was significantly greater than the value of their assets before and after the transfer.

31. Debtors' debts listed in their Schedule F and Amended Schedule F existed at the time of the Transfer, and remain unpaid as of the Petition Date.

32. Accordingly, Debtors were insolvent at the time the transfer was made or became insolvent as a result of the transfer.

33. As the Debtors only listed $63,200 in assets on their schedules, and there was more than $400,000 in equity in the Property at the time of the Transfer, the Transfer was of substantially all of the Debtors' assets.

34. The Transfer was an actual fraudulent transfer avoidable pursuant to 11 U.S.C. § 544(a) and California Civil Code §§ 3439.04 and 3439.07.

35. The Transfer was an actual fraudulent transfer avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

36. The Trustee may recover the Property to the extent the Transfer is avoided or, if the Court so orders, the value of the Property pursuant to 11 U.S.C. § 550.

37. Any transfer avoided by the Court is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

/ / /

/ / /

/ / /

/ / /

/ / /

## Second Claim for Relief

## Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfer

## [11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551; and

## Cal. Civ. Code §§ 3439.04, 3439.05, and 3439.07]

38. Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 23, inclusive, and those allegations are re-stated in connection with this Claim for Relief as though fully set forth herein.

39. Approximately five weeks prior to the Petition Date, the Debtors transferred their interest in the Property to Defendant, their son.

40. The Debtors had approximately $400,000 to $450,000 of equity in the Property at the time of the Transfer.

41. Debtors received no value in exchange for the Transfer.

42. The sum of Debtor's debts as listed on their schedules was significantly greater than the value of their assets before and after the Transfer.

43. Debtors' debts listed in their Schedule F and Amended Schedule F existed at the time of the Transfer, and remain unpaid as of the Petition Date.

44. Accordingly, Debtors were insolvent at the time the transfer was made or became insolvent as a result of the transfer.

45. Debtors made the transfer when Debtors intended to incur or believed or reasonably should have believed that Debtors would incur debts beyond the Debtors' ability to pay them when they became due.

46. The Transfer was a constructive fraudulent transfer and is avoidable pursuant to 11 U.S.C. § 544(a) and California Civil Code §§ 3439.04 and 3439.07.

47. The Transfer was a constructive fraudulent transfer and is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

48. The Trustee may recover the Property to the extent the Transfer is avoided or, if the Court so orders, the value of the Property pursuant to 11 U.S.C. § 550.

///

6
COMPLAINT FOR AVOIDANCE AND RECOVERY
264630v1/1015-082

49. Any transfer avoided by the Court is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

### Third Claim for Relief

### Turnover of Property of the Estate

### [11 U.S.C. § 542]

50. Plaintiff hereby incorporates by reference Paragraphs 1 through 23 and realleges these paragraphs as though set forth in full.

51. To the extent that the Trustee recovers property under 11 U.S.C. § 550, such property will constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(3).

52. Upon avoidance and recovery, Defendant will be in possession, custody, or control of property that the Trustee may use, sell, or lease under 11 U.S.C. § 363.

53. Any person in possession of bankruptcy estate property shall deliver to the Trustee, and account for, such property or the value of such property in accordance with 11 U.S.C. § 542.

54. The Trustee is entitled to entry of Judgment adjudicating that Defendant, Debtors, and all other occupants of the Property have no right of possession.

55. Any judgment to turn over possession of the Property shall include provision for the Clerk of the Court to enter a Writ of Assistance authorizing the Trustee to direct the United States Marshal Service to evict any party subject to such judgment.

### Prayer

WHEREFORE, Plaintiff prays for judgment as follows:

### First Claim for Relief

1. That the Debtors' transfer of all legal title to and beneficial interest in the Property be avoided as an actual fraudulent transfer;

2. That any property avoided shall be recovered by the Trustee and shall constitute property of the bankruptcy estate; and

3. That quiets title to the Property and adjudicates the vesting of all legal to and beneficial interest in be held in the name of "Richard A. Marshack, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan."

## Second Claim for Relief

4. That the Debtors' transfer of all legal title to and beneficial interest in the Property be avoided as a constructive fraudulent transfer;

5. That any property avoided shall be recovered by the Trustee and shall constitute property of the bankruptcy estate; and

6. That quiets title to the Property and adjudicates the vesting of all legal to and beneficial interest in be held in the name of "Richard A. Marshack, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan."

## Third Claim for Relief

7. That declares that any person in possession of bankruptcy estate property shall deliver to the Trustee, and account for, such property or the value of such property;

8. That Defendant, Debtors, and all other occupants of the Property have no right of possession; and

9. That provides authority for the Clerk of the Court to enter a Writ of Assistance permitting the Trustee to direct the United States Marshal Service to evict any party subject to such judgment.

## On All Claims for Relief

10. For pre-judgment interest at the maximum rate allowed by law;

11. For costs incurred by Plaintiff in prosecuting this action; and

12. For such other and further relief as the Court may deem just and proper.

DATED: January 27, 2015

Respectfully submitted,

MARSHACK HAYS LLP

By: */s/ Ashley M. Teesdale*
D. EDWARD HAYS
ASHLEY M. TEESDALE
Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

# Exhibit "1"

RECORDING REQUESTED BY:

Order No.
Escrow No.
Parcel No. 451-011-08

AND WHEN RECORDED MAIL TO:

HARIKRISHNAN KUPPUSAMY
KRISHNAN
5371 STRASBOURG AVE.
IRVINE, CA 92604

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder
29.00
*$R0007107045$*
2014000498409 11:54 am 11/19/14
47 414 Q01 F13  1
0.00 0.00 0.00 20.00 0.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $ None interfamily Transfer  and CITY $
- [ ] Computed on the consideration or value of property conveyed; OR
- [ ] Computed on the consideration or value less liens or encumbrances remaining at the time of sale.
- [ ] unincorporated area:  [ ]                                       and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan, husband and wife as Joint Tenants**

hereby REMISE, RELEASE AND QUITCLAIM to

**HARIKRISHNAN KUPPUSAMY KRISHNAN, a single man**

the real property in the City of **Irvine** County of **Orange**, State of California, described as:

Lot 107 of Tract 6858, in the City of Irvine, County of Orange, State of California, as per map recorded in Book 257, Page(s) 35 to 37 inclusive of Miscellaneous Maps in the Office of the County Recorder of said County. Excepting therefrom all oil, gas, minerals and other hydrocarbons lying below a depth of 500 feet, without the right of surface entry, as reserved in deeds of record.

Dated   November 18, 2014

_____              _____
**Ilangovan Kuppusamy**                **Ranjani Ilangovan Krishnan**

STATE OF CALIFORNIA }
                    } S.S.
COUNTY OF  Orange   }

On  Nov 19  2014 , before me, Roya Tahmoresi, a Notary Public, personally appeared Ilangovan Kuppusamy and Ranjani Ilangovan Krishnan who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

ROYA TAHMORESI
Commission # 2080684
Notary Public - California
Orange County
My Comm. Expires Sep 16, 2018

Exhibit "1"
Page 9